UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANTHONY BREWER

                Petitioner,

- against -

UNITED STATES OF AMERICA

                Respondent.
------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM & ORDER
07 CV 5404 (CBA)

AMON, United States District Judge:

Petitioner Anthony Brewer has moved to lift a federal detainer placed on him as the result of a conviction on a Violation of Supervised Release in this Court. For the following reasons, Brewer's motion is denied.

## I. Background

Brewer was found guilty in this Court on September 22, 1993 in connection with an armed bank robbery and was sentenced to 140 months in prison, followed by five years of supervised release. On March 25, 2004, while on supervised release, Brewer was arrested by local authorities on robbery and burglary charges. Four days later, on March 29, 2004, an arrest warrant was issued for Brewer for violating the conditions of his supervised release. The arrest warrant was executed on June 2, 2005. This Court held hearings on these charges on November 16, 2005 and December 21, 2005. Brewer was found guilty of three violations of his supervised release and, on January 31, 2006, this Court sentenced him to 36 months in prison. The Court's sentencing order was silent as to whether Brewer's sentence should run concurrently or consecutively with any state sentence that might be imposed in relation to the robbery and

burglary charges. It is not clear that this Court had authority to order a sentence to run concurrently with a sentence yet to be imposed. Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 74-75 (2d Cir. 2005) (citing circuit split).

Several months later, Brewer was tried in the New York State Supreme Court, Bronx County, for robbery and burglary. On July 6, 2006, he was convicted in state court of Armed Burglary, in violation of N.Y. Penal Law 140.25, and sentenced to 12 years in prison followed by five years of post-release supervision. Like the Federal sentence, the state court judgment was silent as to whether Brewer's 12 year sentence should run concurrently or consecutively with the 36 month Federal sentence. Brewer is currently incarcerated at the Downstate Correctional Facility in Fishkill, New York, a state facility.

Brewer seeks an order lifting the federal detainer placed on him as a result of his Violation of Supervised Release, claiming that he has served the full 36 month sentence. In the alternative, he asks that the Court to provide him with a written release permitting him to take part in certain programs at the Correctional Facility, which he claims are unavailable to him while the federal detainer is in place. The Government represents that it has been informed by the Bureau of Prisons that Brewer's federal sentence runs consecutively with his 12-year state sentence, not concurrently, and that therefore his federal sentence has not expired. As a result, the Government argues that Brewer's remedy is to make an application to the Bureau of Prisons seeking to have Freshkill designated as a federal facility for the purposes of his sentence, which would cause the two sentences to run concurrently.

## II. Discussion

Under 18 U.S. C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Here, this Court's sentencing order is silent as to whether the federal sentence should run concurrently or consecutively with any state sentence that may be imposed. When the federal sentence is imposed before the state sentence, however, 3583(a) is inapplicable. McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998). In that situation, the Bureau of Prisons has discretion to designate the state prison a federal facility so that the two prison terms run concurrently rather than consecutively. Abdul-Malik, 403 F.3d at 75-76.

In this case, Brewer's state and federal sentences are running consecutively and he has not indicated that he has made an application to the Bureau of Prisons to have Fishkill facility designated as a federal prison so that they would run concurrently. Brewer's remedy is to apply to the Bureau of Prisons for their determination as to whether Fishkill should be designated a federal facility for the purposes of his sentence. Until that determination is made, however, the state and federal sentences run consecutively, and therefore the federal sentence has not expired.

Because Brewer's federal sentence has not expired, his petition to have the federal detainer lifted is denied. The Clerk of the Court is instructed to enter judgment in accordance with this Order and to close the case.

SO ORDERED

Dated: Brooklyn, New York
November 17, 2008

/S/
Carol Bagley Amon
United States District Judge